IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MIRUM PHARMACEUTICALS, INC., SATIOGEN PHARMACEUTICALS, INC., and SHIRE HUMAN GENETIC THERAPIES, INC., | ) | |
| Plaintiffs, | ) | |
| v. | ) | C.A. No. |
| ZENARA PHARMA PRIVATE LIMITED, and BIOPHORE INDIA PHARMACEUTICALS PRIVATE LIMITED, | ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

## COMPLAINT

Plaintiffs Mirum Pharmaceuticals, Inc. ("Mirum"), Satiogen Pharmaceuticals, Inc. ("Satiogen"), and Shire Human Genetic Therapies, Inc. ("SHGT") (collectively "Plaintiffs"), by their undersigned attorneys, bring this action against Defendants Zenara Pharma Private Limited ("Zenara") and Biophore India Pharmaceuticals Private Limited ("Biophore India") (collectively "Defendants"), and hereby allege as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement under the patents laws of the United States, Title 35, United States Code, that arises from Defendant Zenara's submission of an Abbreviated New Drug Application ("ANDA") to the United States Food and Drug Administration ("FDA") seeking approval to market generic versions of Mirum's LIVMARLI® (maralixibat) tablets, for oral use, prior to the expiration of U.S. Patent Nos. 10,512,657 ("the'657 patent"), 11,229,647 ("the '647 patent"), 11,229,661 ("the '661 patent"), 11,260,053 ("the'053 patent"), 11,376,251

(“the ’251 patent”), 11,497,745 (“the ’745 patent”), 12,296,050 (“the’050 patent”), and 12,350,267 (“the ’267 patent”) (collectively, “The Asserted Patents”).

2. In a letter dated August 4, 2026 and received by Plaintiffs on or about August 5, 2026 (“Notice Letter”), Zenara notified Plaintiffs that it had submitted to the FDA ANDA No. 221420 (“Zenara’s ANDA”), with a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) (“Paragraph IV”) seeking approval from the FDA to engage in the commercial manufacture, use and/or sale of generic Maralixibat Chloride, 10 mg, 15 mg, 20 mg, and 30 mg oral tablets (“Zenara’s ANDA Products”) prior to the expiration of the ’657, ’647, ’661, ’053, ’251, ’745, ’050, and ’267 patents.

3. The Notice Letter included an Exhibit, titled “Detailed Statement of the Factual and Legal Bases for Zenara’s Opinion that U.S. Patent Nos. 10,512,657; 11,229,647; 11,229,661; 11,260,053; 11,376,251; 11,497,745; 12,296,050; and 12,350,267 Are Not Infringed and/or Are Invalid.”

4. The Detailed Statement discloses that Zenara is seeking approval for Zenara’s ANDA Products for treatment of cholestatic pruritus in patients 3 months of age and older with Alagille syndrome (ALGS) and the treatment of cholestatic pruritus in patients 12 months of age and older with progressive familial intrahepatic cholestasis (PFIC).

5. On information and belief, Zenara’s ANDA includes a Paragraph IV certification asserting that the claims of the ’657, ’647, ’661, ’053, ’251, ’745, ’050, and ’267 patents are invalid, unenforceable, and/or not infringed by the manufacture, use, offer for sale, or sale of Zenara’s ANDA Products.

6. On information and belief, Defendants seek approval to market Zenara’s ANDA Products before the expiration of all the Asserted Patents.

## PARTIES

7. Plaintiff Mirum is a corporation organized and existing under the laws of the State of Delaware and having a place of business at 989 E Hillsdale Blvd., Suite 300, Foster City, CA, 94404.

8. Plaintiff Satiogen is a corporation organized and existing under the laws of the State of Delaware and having a place of business at 989 E Hillsdale Blvd., Suite 300, Foster City, CA, 94404. Satiogen is a wholly owned subsidiary of Mirum.

9. Plaintiff SHGT is a corporation organized and existing under the laws of the State of Delaware and having its place of business at 300 Shire Way, Lexington, MA 02421. SHGT is a wholly owned subsidiary of Takeda Pharmaceuticals U.S.A., Inc.

10. On information and belief, Defendant Zenara is a corporation organized and existing under the laws of India and having a principal place of business at Plot No. 83/B, 84, 87 to 96, Phase III, IDA Cherlapally, Hyderabad, Telangana, 500051, India.

11. On information and belief, Defendant Biophore India is a corporation organized and existing under the laws of India and having a principal place of business at Plot No. 92, 1-98/2/92, Kavuri Hills - Phase II, Jubilee Hills, Hyderabad-33, Telangana, 500033, India.

12. On information and belief, Biophore India is Zenara's parent corporation.[1]

13. On information and belief, Zenara is a wholly owned subsidiary of Biophore India.

14. On information and belief, Biophore India ultimately owns all of Zenara's ANDAs, including ANDA No. 221420.

15. On information and belief, Zenara and Biophore India collaborate with respect to, among other things, the development, regulatory approval, marketing, sale, and/or distribution of

[1] *See Mirum Pharms., Inc. v. Annora Pharma Private Ltd.*, No. 1:25-cv-1537-JLH (Consolidated), D.I. 52 (June 1, 2026) at ¶ 14 (admitting Biophore is Zenara's parent corporation).

generic copies of branded pharmaceutical products, throughout the United States, including in the State of Delaware. On information and belief, Zenara is the ANDA filer for Zenara's ANDA Products and Biophore India at least makes the active pharmaceutical ingredient (API) for Zenara's ANDA Products.[2] Defendants have also admitted that Biophore India "ultimately owns all of [Zenara's] ANDAs"; that Zenara "acts at the direction, and for the benefit of, [Biophore India], and is controlled and/or dominated by [Biophore India]; and that Zenara and Biophore India "collaborate with respect to the development, regulatory approval, marketing, sale, and/or distribution of pharmaceutical products."[3] On further information and belief, Zenara and Biophore India are agents of one another and/or operate in concert as integrated parts of the same business group, including with respect to the preparation and submission of Zenara's ANDA and the development, manufacturing, marketing, sale, and distribution of Zenara's ANDA Products.

16. On information and belief, Biophore India was, is, and will be actively involved in the preparation, submission, maintenance, and further prosecution of Zenara's ANDA, together with Zenara, and it intends to directly or indirectly benefit from the preparation, submission, maintenance, and further prosecution of Zenara's ANDA, such that Biophore India should be deemed a submitter of Zenara's ANDA together with Zenara.

17. On information and belief and consistent with their practice with respect to other

---

[2] *See* U.S. Food & Drug Admin, List of Drug Master Files, available at https://www.fda.gov/drugs/drug-master-files-dmfs/list-drug-master-files-dmfsclick on "2nd Quarter 2026" (last accessed Sept. 2, 2026) (noting Biophore India submitted a drug master file for maralixibat chloride on April 30, 2025).

[3] *Harmony Biosciences, LLC v. AET Pharma US, Inc.*, No. 1:23-cv-01340, D.I. 33 at 14, ¶¶ 35, 37, 38 (D. Del. Feb. 15, 2024); *see also Mirum Pharms., Inc. v. Annora Pharma Private Ltd.*, No. 1:25-cv-1537-JLH (Consolidated), D.I. 52 (June 1, 2026) at ¶ 16 (admitting "that Biophore and Zenara collaborate with respect to the development, regulatory approval, marketing, sale, and/or distribution of pharmaceutical products").

generic pharmaceutical products, following approval of Zenara's ANDA, Zenara and Biophore India will engage in the manufacture, use, offer for sale, sale, and/or distribution in, and/or importation into, the United States, including the State of Delaware, of Zenara's ANDA Products.

18. On information and belief, Zenara and Biophore India intend to act collaboratively to manufacture, market, distribute, use, offer for sale, sell, and/or import into the United States, including into the State of Delaware, Zenara's ANDA Products, in the event the FDA approves Zenara's ANDA.

## JURISDICTION AND VENUE

19. This is a civil action for patent infringement arising under the patent laws of the United States, including 35 U.S.C. § 271 and 28 U.S.C. §§ 1338(a), 2201, and 2202.

20. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

21. This Court has personal jurisdiction over Zenara and Biophore India because, on information and belief, each has continuous and systematic contacts with the State of Delaware, regularly conducts business in Delaware either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos, and has purposefully availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being hauled into court here.

22. On information and belief, Zenara and Biophore India are engaged in developing, manufacturing, marketing, selling, and distributing, either directly or through subsidiaries, agents, and/or alter egos, a broad range of generic pharmaceutical products globally, and a substantial number of these products are marketed, sold, and distributed throughout the United States,

including in the State of Delaware and this judicial district.[4] On information and belief, Zenara and Biophore India purposefully operate their marketing, sales, and distribution infrastructure in the United States, including in the State of Delaware and this judicial district, either directly or through subsidiaries, agents, and/or alter egos. On information and belief, Zenara and Biophore India are licensed to sell pharmaceutical products in the State of Delaware, either directly or through subsidiaries, agents, and/or alter egos.

23. On information and belief, Zenara and Biophore India, by selling pharmaceutical products, either directly or through subsidiaries, agents, and/or alter egos regularly do business in the State of Delaware and this judicial district and have systematically placed goods into the stream of commerce for distribution throughout the United States, including in Delaware and this judicial district. Zenara and Biophore India derive substantial revenue from pharmaceutical products that are used and/or consumed within Delaware, and which are manufactured by Zenara and Biophore India or their affiliates and/or for which Zenara and Biophore India are the named applicant(s) on approved ANDAs. On information and belief, various products for which Zenara and Biophore India are the named applicant(s) on approved ANDAs are available at pharmacies in Delaware.[5]

---

[4] *See Biophore*, https://biophore.com/ (last accessed Sept. 2, 2026) (explaining Biophore India is "engaged in the development and manufacturing of niche pharmaceutical products for the global markets"); *About US*, Biophore, https://biophore.com/aboutus.php#p1 (last accessed Sept. 2, 2026) (stating Biophore India has "consistently been in the Top 10 US DMF filers with the US FDA over the past 5 years" and is "one of the fastest companies to bring [APIs] to the market enabling wider access for patients worldwide"); *About Zenara*, Zenara http://www.zenarapharma.com/ (last accessed Sept. 2, 2026) (explaining Zenara has "[r]eceived Marketing authorisations from US FDA" and has "[m]ore than 20 plus ANDA/ANDs under approval"); U.S. Food & Drug Admin., Orange Book: Approved Drug Products with Therapeutic Equivalence Evaluations, available at https://www.fda.gov/drugs/drug-approvals-and-databases/approved-drug-products-therapeutic-equivalence-evaluations-orange-book (last accessed Sept. 2, 2026) (click on "Search the Orange Book Database," then "Search by Applicant," then choose "Zenara Pharma Private Ltd" to see multiple Orange Book listings for approved Zenara ANDAs).

[5] *See supra* n.4.

24. Zenara is identified as the filer of Zenara's ANDA in the Notice Letter.

25. On information and belief, Zenara and Biophore India acted in concert with respect to the preparing and filing of Zenara's ANDA for the purpose of seeking approval to engage in the commercial manufacture, use, sale, or offer for sale of Zenara's ANDA Products in the United States, including in the State of Delaware and this judicial district.

26. On information and belief, upon approval, Zenara and Biophore India will directly or through subsidiaries, agents, and/or alter egos market, distribute, offer for sale, sell, and/or import Zenara's ANDA Products in the United States, including in Delaware and this judicial district, and will derive substantial revenue from the use or consumption of Zenara's ANDA Products in Delaware and this judicial district. On information and belief, Zenara and Biophore India plan to list Zenara's ANDA Products on Delaware's prescription drug formulary and seek Medicaid reimbursements for the sales of Zenara's ANDA Products in Delaware, either directly or through subsidiaries, agents, and/or alter egos. On information and belief, if Zenara's ANDA is approved, Zenara's ANDA Products, under the direction and control of physicians practicing in Delaware, will be administered to and used by patients in Delaware and this judicial district.

27. LIVMARLI® (maralixibat) tablets, for oral use, are marketed, sold, and distributed throughout the United States, including in the State of Delaware and this judicial district, and Plaintiffs are each incorporated in Delaware. Consequently, the injury and consequences of Defendants' filing of Zenara's ANDA and challenging Plaintiffs' patent rights are suffered in Delaware.

28. On information and belief, Zenara and Biophore India have previously used the process contemplated by Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 355(b), and the Drug Price Competition and Patent Term Restoration Act of 1984, 21 U.S.C. § 355(j) (the "Hatch-

Waxman Act"), to file ANDAs and challenge branded pharmaceutical companies' patents by filing a Paragraph IV certification, serving a notice letter on those branded pharmaceutical companies, and engaging in patent litigation as contemplated by the Hatch-Waxman Act, including in the State of Delaware and this judicial district.[6]

29. On information and belief, with knowledge of the Hatch-Waxman Act, Zenara and Biophore India sent the Notice Letter to Plaintiffs and alleged in the Notice Letter the invalidity, unenforceability, and/or non-infringement of the Asserted Patents. On information and belief, Zenara and Biophore India deliberately challenged Plaintiffs' patent rights with the Notice Letter and knew when they did so that they were triggering a forty-five-day period for Plaintiffs to bring an action for patent infringement under the Hatch-Waxman Act.

30. On information and belief, Zenara and Biophore India knew that they were deliberately challenging intellectual property held in Delaware and that the effects of any successful challenge of the Asserted Patents would be felt by Plaintiffs in Delaware. Defendants have been litigants in connection with other infringement actions under the Hatch-Waxman Act and reasonably should have anticipated that, by sending the Notice Letter to Plaintiffs, they would be sued in Delaware for patent infringement. Indeed, Defendants sought consolidation of any lawsuit concerning ANDA No. 221420 (covering maralixibat tablets) with *Mirum Pharms., Inc. v. Annora Pharma Private Ltd.*, No. 1:25-cv-1537-JLH (Consolidated), (D. Del.), which concerns ANDA No. 220917 (covering liquid maralixibat formulations) and is currently pending in the United States District Court for the District of Delaware.

[6] *See, e.g.*, *Mirum Pharms., Inc. v. Annora Pharma Private Ltd.*, No. 1:25-cv-1537-JLH (Consolidated), D.I. 52 (D. Del. June 1, 2026); *see also, e.g.*, *Astellas Pharma Inc. v. Cipla Ltd.*, No. 1:24-cv-1333, D.I. 32 (D. Del. Feb. 25, 2025); *Harmony Biosciences, LLC v. AET Pharma US, Inc.*, No. 1:23-cv-1340, D.I. 33 (D. Del. Feb. 15, 2024).

31. On information and belief, Zenara and Biophore India know and intend that, if Zenara's ANDA is approved, Zenara's ANDA Products will be marketed, distributed, and sold in Delaware and will displace sales of LIVMARLI® (maralixibat) tablets, resulting in harm to Plaintiffs in Delaware.

32. On information and belief, Zenara and Biophore India have been sued in this judicial district without challenging personal jurisdiction or venue and have availed themselves of the legal protections of the State of Delaware by filing claims or counterclaims affirmatively seeking relief in other prior pharmaceutical patent actions in this Court. *See, e.g.*, *Mirum Pharms., Inc. v. Annora Pharma Private Ltd.*, No. 1:25-cv-1537-JLH (Consolidated), D.I. 52 (June 1, 2026) at 56-72; *see also, e.g.*, *Astellas Pharma Inc. v. Cipla Ltd.*, No. 1:24-cv-1333, D.I. 32 at 34-51 (D. Del. Feb. 25, 2025); *Harmony Biosciences, LLC v. AET Pharma US, Inc.*, No. 1:23-cv-1340, D.I. 33 at 77-84 (D. Del. Feb. 15, 2024). Further, Zenara and Biophore India have previously admitted that this Court has personal jurisdiction over Zenara and Biophore India. *See, e.g.*, *Mirum Pharms., Inc. v. Annora Pharma Private Ltd.*, No. 1:25-cv-1537-JLH (Consolidated), D.I. 52 (June 1, 2026) at ¶¶ 18, 25, 27, 29-30; *see also, e.g.*, *Astellas Pharma Inc. v. Cipla Ltd.*, No. 1:24-cv-1333, D.I. 32 at 5-6, 13-16 (D. Del. Feb. 25, 2025); *Harmony Biosciences, LLC v. AET Pharma US, Inc.*, No. 1:23-cv-1340, D.I. 33 at 23, 26 (D. Del. Feb. 15, 2024).

33. Alternatively, this Court's exercise of personal jurisdiction over Zenara and Biophore India is proper because the requirements of Federal Rule of Civil Procedure 4(k)(2) are met: (1) Plaintiffs' claims arise under federal law; (2) Zenara and Biophore India are foreign defendants not subject to general personal jurisdiction in any state's courts of general jurisdiction; and (3) Zenara and Biophore India have sufficient contacts with the United States, including by preparing and submitting Zenara's ANDA as well as manufacturing, selling, and marketing

pharmaceutical products in the United States, including in this judicial district, such that exercising jurisdiction over Zenara and Biophore India is consistent with the United States Constitution and laws.

34. Venue is proper in this Court as to Zenara and Biophore India under 28 U.S.C. §§ 1391 and 1400(b) and/or Federal Rule of Civil Procedure 4(k)(2).

## BACKGROUND

35. LIVMARLI® (maralixibat) tablets, for oral use, are indicated for the treatment of cholestatic pruritus in patients 3 months of age and older with Alagille syndrome (ALGS) and for the treatment of cholestatic pruritus in patients 12 months of age and older with progressive familial intrahepatic cholestasis (PFIC).

36. LIVMARLI® (maralixibat) tablets contain the following ingredients: maralixibat, crospovidone, glyceryl distearate, lactose monohydrate, microcrystalline cellulose, and silicon dioxide. LIVMARLI® Label (April 2025) at Section 11.[7]

37. Plaintiff Mirum is the holder of the approved New Drug Application ("NDA") No. 219485 for LIVMARLI® (maralixibat) tablets. LIVMARLI® (maralixibat) tablets are manufactured for Mirum and sold in the United States pursuant to NDA No. 219485.

### A. The '657 Patent

38. The '657 patent, titled "Bile acid recycling inhibitors for treatment of pediatric cholestatic liver diseases," was duly and legally issued on December 24, 2019. A true and correct copy of the '657 patent is attached as Exhibit A.

39. Plaintiff SHGT is the assignee and owner of the '657 patent.

[7] Available at https://livmarli.com/ (click on "Prescribing Information" to access https://files.mirumpharma.com/livmarli/livmarli-prescribinginformation.pdf) (last accessed Sept. 2, 2026).

40. Plaintiff Mirum is the exclusive licensee of the ’657 patent.

41. The ’657 patent is listed in the *Approved Drug Products with Therapeutic Equivalence Evaluations* (“Orange Book”) for all strengths of LIVMARLI® (maralixibat) tablets, i.e., Eq. 10 mg Base, 15 mg Base, 20 mg Base, and 30 mg Base tablets.

**B. The ’647 Patent**

42. The ’647 patent, titled “Methods for treating cholestasis,” was duly and legally issued on January 25, 2022. A true and correct copy of the ’647 patent is attached as Exhibit B.

43. Plaintiff Mirum is the assignee and owner of the ’647 patent.

44. The ’647 patent is listed in the Orange Book for all strengths of LIVMARLI® (maralixibat) tablets, i.e., Eq. 10 mg Base, 15 mg Base, 20 mg Base, and 30 mg Base tablets.

**C. The ’661 Patent**

45. The ’661 patent, titled “Bile acid recycling inhibitors for treatment of pediatric cholestatic liver diseases,” was duly and legally issued on January 25, 2022. A true and correct copy of the ’661 patent is attached as Exhibit C.

46. Plaintiff SHGT is the assignee and owner of the ’661 patent.

47. Plaintiff Mirum is the exclusive licensee of the ’661 patent.

48. The ’661 patent is listed in the Orange Book for all strengths of LIVMARLI® (maralixibat) tablets, i.e., Eq. 10 mg Base, 15 mg Base, 20 mg Base, and 30 mg Base tablets.

**D. The ’053 Patent**

49. The ’053 patent, titled “Bile acid recycling inhibitors and satiogens for treatment of diabetes, obesity, and inflammatory gastrointestinal conditions,” was duly and legally issued on March 1, 2022. A true and correct copy of the ’053 patent is attached as Exhibit D.

50. Plaintiff Satiogen is the assignee and owner of the ’053 patent.

51. The ’053 patent is listed in the Orange Book for all strengths of LIVMARLI®

(maralixibat) tablets, i.e., Eq. 10 mg Base, 15 mg Base, 20 mg Base, and 30 mg Base tablets.

**E. The ’251 Patent**

52. The ’251 patent, titled “Bile acid recycling inhibitors for treatment of pediatric cholestatic liver diseases,” was duly and legally issued on July 5, 2022. A true and correct copy of the ’251 patent is attached as Exhibit E.

53. Plaintiff SHGT is the assignee and owner of the ’251 patent.

54. Plaintiff Mirum is the exclusive licensee of the ’251 patent.

55. The ’251 patent is listed in the Orange Book for all strengths of LIVMARLI® (maralixibat) tablets, i.e., Eq. 10 mg Base, 15 mg Base, 20 mg Base, and 30 mg Base tablets.

**F. The ’745 Patent**

56. The ’745 patent, titled “Methods for treating cholestasis,” was duly and legally issued on November 15, 2022. A true and correct copy of the ’745 patent is attached as Exhibit F.

57. Plaintiff Mirum is the assignee and owner of the ’745 patent.

58. The ’745 patent is listed in the Orange Book for all strengths of LIVMARLI® (maralixibat) tablets, i.e., Eq. 10 mg Base, 15 mg Base, 20 mg Base, and 30 mg Base tablets.

**G. The ’267 Patent**

59. The ’267 patent, titled “Bile acid recycling inhibitors for treatment of pediatric cholestatic liver diseases,” was duly and legally issued on July 8, 2025. A true and correct copy of the ’267 patent is attached as Exhibit G.

60. Plaintiff SHGT is the assignee and owner of the ’267 patent.

61. Plaintiff Mirum is the exclusive licensee of the ’267 patent.

62. The ’267 patent is listed in the Orange Book for all strengths of LIVMARLI® (maralixibat) tablets, i.e., Eq. 10 mg Base, 15 mg Base, 20 mg Base, and 30 mg Base tablets.

### H. The ’050 Patent

63. The ’050 patent, titled “Pharmaceutical compositions comprising maralixibat and uses thereof,” was duly and legally issued on May 13, 2025. A true and correct copy of the ’050 patent is attached as Exhibit H.

64. Plaintiff Mirum is the assignee and owner of the ’050 patent.

65. The ’050 patent is listed in the Orange Book for all strengths of LIVMARLI® (maralixibat) tablets, i.e., Eq. 10 mg Base, 15 mg Base, 20 mg Base, and 30 mg Base tablets.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 10,512,657

66. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

67. On information and belief, the use of Zenara’s ANDA Products in accordance with and as directed by the proposed labeling for those products will infringe one or more claims of the ’657 patent, including but not limited to independent claims 1-3, either literally or under the doctrine of equivalents.

68. Under 21 C.F.R. § 314.95(c)(7), a notice letter must contain “[a] detailed statement of the factual and legal basis of the applicant’s opinion that the patent is not valid, unenforceable, or will not be infringed[,]” including for each patent claim “a full and detailed explanation of why the claim is not infringed” and “a full and detailed explanation of the grounds supporting the allegation” that a claim is invalid or unenforceable.

69. The Notice Letter did not assert that the manufacture, use, offer for sale, or sale of Zenara’s ANDA Products in accordance with and as directed by Defendants’ proposed labeling for those products would not meet any claim limitation of certain claims of the ’657 patent, including at least claims 1-3.

70. Further, under 21 U.S.C. § 355(j)(2), an ANDA filer’s label generally must be the

same as the label for the last approved reference listed drug labeling. *See also* 87 Fed. Reg. 4252, 4253 (Jan. 27, 2022); 21 C.F.R. §§ 314.94(a)(8), 314.127(a)(7).

71. On information and belief, the proposed label for Zenara's ANDA Products is substantially identical to the LIVMARLI® Label, including but not limited to LIVMARLI®'s approved indications and usage section (Section 1), its dosage and administration section (Section 2), its description section (Section 11), its clinical pharmacology section (Section 12), and its clinical studies section (Section 14).

72. Section 12.1 of the LIVMARLI® Label explains "[p]ruritus is a common symptom in patients with ALGS or PFIC[.]"

73. Section 12.5 of the LIVMARLI® Label explains that PFIC is "a heterogenous disease . . . with different PFIC subtypes occurring in the general population[,]" including PFIC2.

74. On information and belief, Zenara's ANDA Products are covered by one or more claims of the '657 patent, including at least independent claims 1-3, because the use of Zenara's ANDA Products in accordance with and as directed by the proposed labeling for those products meets each claim limitation.

75. On information and belief, the use of Zenara's ANDA Products will infringe at least claims 1 and 3 of the '657 patent, either literally or under the doctrine of equivalents, because the proposed labeling for Zenara's ANDA Products instructs and encourages the use of Zenara's ANDA Products by healthcare professionals and patients for treating or ameliorating pediatric progressive familial intrahepatic cholestasis type 2 (PFIC2) in a pediatric subject comprising administering to the pediatric subject the claimed Apical Sodium-dependent Bile Acid Transporter Inhibitor (ASBTI) or a pharmaceutical composition comprising the claimed ASBTI, or a pharmaceutically acceptable salt thereof, wherein the ASBTI is effective for decreasing at least

20% of serum and/or hepatic bile acid levels in the pediatric subject as compared to bile acid levels prior to administration of the ASBTI. Additionally, the '657 patent's description of "treating" makes clear that the claimed methods of treating or ameliorating PFIC2 include the proposed indication for Zenara's ANDA Products. *See, e.g.*, '657 patent, 83:66-84:16; *id.* at 6:27-29 (describing PFIC2 as a form of cholestatic liver disease); *id* at 6:48-50, 24:14-15 (describing PFIC2 and cholestatic liver disease as being characterized by one or more symptoms, including pruritus).

76. On information and belief, the use of Zenara's ANDA Products will infringe claim 2 of the '657 patent, either literally or under the doctrine of equivalents, because the proposed labeling for Zenara's ANDA Products instructs and encourages the use of Zenara's ANDA Products by healthcare professionals and patients for treating or ameliorating pruritus in a pediatric subject suffering from PFIC2 comprising administering to the pediatric subject the claimed ASBTI or pharmaceutically acceptable salt thereof wherein the ASBTI is effective for decreasing at least 20% of serum and/or hepatic bile acid levels in the pediatric subject as compared to bile acid levels prior to administration of the ASBTI.

77. On information and belief, the purpose of filing Zenara's ANDA was to obtain approval under the FDCA to engage in the importation, manufacture, use, offer for sale, and/or sale of Zenara's ANDA Products prior to the expiration of the '657 patent.

78. On information and belief, Defendants' submission of Zenara's ANDA for the purpose of obtaining approval to engage in the importation, manufacture, use, offer for sale, and/or sale of Zenara's ANDA Products prior to the expiration of the '657 patent is an act of infringement of the '657 patent under 35 U.S.C. § 271(e)(2)(A).

79. On information and belief, Defendants plan, intend to, and will engage in the

manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zenara's ANDA Products as well as the proposed labeling for those products immediately and imminently upon approval of Zenara's ANDA and any amendments thereto and prior to the expiration of the '657 patent.

80. On information and belief, the importation, manufacture, use, offer for sale, and/or sale, of Zenara's ANDA Products prior to the expiration of the '657 patent would infringe one or more claims of the '657 patent and Defendants would induce the infringement of and/or contribute to the infringement of one or more claims of the '657 patent under 35 U.S.C. § 271(b) and/or (c). On information and belief, Defendants plan, intend to, and will actively induce and/or contribute to the infringement of the '657 patent immediately and imminently upon approval of Zenara's ANDA and any amendments thereto.

81. On information and belief, Defendants know and intend that physicians will prescribe and patients will take Zenara's ANDA Products and therefore will infringe the '657 patent.

82. On information and belief, Zenara's ANDA Products lack any substantial non-infringing use.

83. On information and belief, Defendants had actual and constructive knowledge of the claims of the '657 patent prior to submission of Zenara's ANDA at least because the '657 patent is listed in the FDA's Orange Book for Mirum's LIVMARLI® (maralixibat) tablets. Notwithstanding this knowledge, Defendants continue to assert their intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zenara's ANDA Products and the proposed labeling for those products immediately and imminently upon the approval of Zenara's ANDA and any amendments thereto.

84. On information and belief, Defendants have acted with full knowledge of the ’657 patent and without a reasonable basis for believing that Defendants would not be liable for infringing the ’657 patent, actively inducing infringement of the ’657 patent, and/or contributing to the infringement by others of the ’657 patent. Defendants’ submission of Zenara’s ANDA with knowledge of the ’657 patent and its infringement of the ’657 patent makes this case exceptional.

85. An actual case or controversy exists between Plaintiffs and Defendants with respect to infringement of the ’657 patent.

86. Unless Defendants are enjoined from infringing the ’657 patent and actively inducing and contributing to the infringement of the ’657 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**COUNT II: INFRINGEMENT OF U.S. PATENT NO. 11,229,647**

87. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

88. On information and belief, the use of Zenara’s ANDA Products in accordance with and as directed by the proposed labeling for those products will infringe one or more claims of the ’647 patent, including but not limited to independent claims 1 and 12, either literally or under the doctrine of equivalents.

89. Under 21 C.F.R. § 314.95(c)(7), a notice letter must contain “[a] detailed statement of the factual and legal basis of the applicant’s opinion that the patent is not valid, unenforceable, or will not be infringed[,]” including for each patent claim “a full and detailed explanation of why the claim is not infringed” and “a full and detailed explanation of the grounds supporting the allegation” that a claim is invalid or unenforceable.

90. The Notice Letter did not assert that the manufacture, use, offer for sale, or sale of Zenara’s ANDA Products in accordance with and as directed by Defendants’ proposed labeling for those products would not meet any claim limitation of certain claims of the ’647 patent,

including at least claims 1 and 12.

91. Further, under 21 U.S.C. § 355(j)(2), an ANDA filer's label generally must be the same as the label for the last approved reference listed drug labeling. *See also* 87 Fed. Reg. 4252, 4253 (Jan. 27, 2022); 21 C.F.R. §§ 314.94(a)(8), 314.127(a)(7).

92. On information and belief, the proposed label for Zenara's ANDA Products is substantially identical to the LIVMARLI® Label, including but not limited to LIVMARLI®'s approved indications and usage section (Section 1), its dosage and administration section (Section 2), its description section (Section 11), its clinical pharmacology section (Section 12), and its clinical studies section (Section 14).

93. The Indications and Usage section under the Highlights of Prescribing Information for the LIVMARLI® Label explains that LIVMARLI® is indicated for "the treatment of cholestatic pruritus in patients 3 months of age and older with Alagille syndrome (ALGS)." *See* LIVMARLI® Label at Section 1.1.

94. Section 12.1 of the LIVMARLI® Label explains "[p]ruritus is a common symptom in patients with ALGS or PFIC[.]"

95. The LIVMARLI® Label directs administering maralixibat tablets in dosages covered by the '647 patent.

96. On information and belief, Zenara's ANDA Products are covered by one or more claims of the '647 patent, including at least independent claims 1 and 12, because the use of Zenara's ANDA Products in accordance with and as directed by the proposed labeling for those products meets each claim limitation.

97. On information and belief, the use of Zenara's ANDA Products will infringe at least claims 1 and 12 of the '647 patent, either literally or under the doctrine of equivalents, because the

proposed labeling for Zenara's ANDA Products instructs and encourages the use of Zenara's ANDA Products by healthcare professionals and patients for treatment of ALGS in a pediatric subject in need of such treatment where Zenara's ANDA Products are administered in an amount of about 400 μg/kg/day and/or from about 400 μg/kg/day to about 800 μg/kg/day. Additionally, the '647 patent's description of "treating" makes clear that the claimed methods of treating or ameliorating ALGS include the proposed indication for Zenara's ANDA Products. *See, e.g.*, '647 patent, 18:12-22, 21:4-21.

98. On information and belief, the purpose of filing Zenara's ANDA was to obtain approval under the FDCA to engage in the importation, manufacture, use, offer for sale, and/or sale of Zenara's ANDA Products prior to the expiration of the '647 patent.

99. On information and belief, Defendants' submission of Zenara's ANDA for the purpose of obtaining approval to engage in the importation, manufacture, use, offer for sale, and/or sale of Zenara's ANDA Products prior to the expiration of the '647 patent is an act of infringement of the '647 patent under 35 U.S.C. § 271(e)(2)(A).

100. On information and belief, Defendants plan, intend to, and will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zenara's ANDA Products as well as the proposed labeling for those products immediately and imminently upon approval of Zenara's ANDA and any amendments thereto and prior to the expiration of the '647 patent.

101. On information and belief, the importation, manufacture, use, offer for sale, and/or sale of Zenara's ANDA Products prior to the expiration of the '647 patent would infringe one or more claims of the '647 patent, and/or Defendants would induce the infringement of and/or contribute to the infringement of one or more claims of the '647 patent under 35 U.S.C. § 271(b)

and/or (c). On information and belief, Defendants plan, intend to, and will actively induce and/or contribute to the infringement of the ’647 patent immediately and imminently upon approval of Zenara’s ANDA and any amendments thereto.

102. On information and belief, Defendants know and intend that physicians will prescribe and patients will take Zenara’s ANDA Products and therefore will infringe the ’647 patent.

103. On information and belief, Zenara’s ANDA Products lack any substantial non-infringing use.

104. On information and belief, Defendants had actual and constructive knowledge of the claims of the ’647 patent prior to submission of Zenara’s ANDA at least because the ’647 patent is listed in the FDA’s Orange Book for Mirum’s LIVMARLI® (maralixibat) tablets. Notwithstanding this knowledge, Defendants continue to assert their intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zenara’s ANDA Products and the proposed labeling for those products immediately and imminently upon the approval of Zenara’s ANDA and any amendments thereto.

105. On information and belief, Defendants have acted with full knowledge of the ’647 patent and without a reasonable basis for believing that Defendants would not be liable for infringing the ’647 patent, actively inducing infringement of the ’647 patent, and/or contributing to the infringement by others of the ’647 patent. Defendants’ submission of Zenara’s ANDA with knowledge of the ’647 patent and its infringement of the ’647 patent makes this case exceptional.

106. An actual case or controversy exists between Plaintiffs and Defendants with respect to infringement of the ’647 patent.

107. Unless Defendants are enjoined from infringing the ’647 patent and actively

inducing and contributing to the infringement of the ’647 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**COUNT III: INFRINGEMENT OF U.S. PATENT NO. 11,229,661**

108. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

109. On information and belief, the use of Zenara’s ANDA Products in accordance with and as directed by the proposed labeling for those products will infringe one or more claims of the ’661 patent, including but not limited to independent claim 1, either literally or under the doctrine of equivalents.

110. Under 21 C.F.R. § 314.95(c)(7), a notice letter must contain “[a] detailed statement of the factual and legal basis of the applicant’s opinion that the patent is not valid, unenforceable, or will not be infringed[,]” including for each patent claim “a full and detailed explanation of why the claim is not infringed” and “a full and detailed explanation of the grounds supporting the allegation” that a claim is invalid or unenforceable.

111. The Notice Letter did not assert that the manufacture, use, offer for sale, or sale of Zenara’s ANDA Products in accordance with and as directed by Defendants’ proposed labeling for those products would not meet any claim limitation of certain claims of the ’661 patent, including at least claim 1.

112. Further, under 21 U.S.C. § 355(j)(2), an ANDA filer’s label generally must be the same as the label for the last approved reference listed drug labeling. *See also* 87 Fed. Reg. 4252, 4253 (Jan. 28, 2022); 21 C.F.R. §§ 314.94(a)(8), 314.127(a)(7).

113. On information and belief, the proposed label for Zenara’s ANDA Products is substantially identical to the LIVMARLI® Label, including but not limited to LIVMARLI®’s approved indications and usage section (Section 1), its dosage and administration section (Section 2), its description section (Section 11), its clinical pharmacology section (Section 12),

and its clinical studies section (Section 14).

114. Section 12.1 of the LIVMARLI® Label explains "[p]ruritus is a common symptom in patients with ALGS or PFIC[.]"

115. Section 12.5 of the LIVMARLI® Label explains that PFIC is "a heterogenous disease . . . with different PFIC subtypes occurring in the general population[,]" including PFIC2.

116. On information and belief, Zenara's ANDA Products are covered by one or more claims of the '661 patent, including at least independent claim 1, because the use of Zenara's ANDA Products in accordance with and as directed by the proposed labeling for those products meets each claim limitation.

117. On information and belief, the use of Zenara's ANDA Products will infringe at least claim 1 of the '661 patent, either literally or under the doctrine of equivalents, because the proposed labeling for Zenara's ANDA Products instructs and encourages the use of Zenara's ANDA Products by healthcare professionals and patients for treating or ameliorating a pediatric disorder characterized by having a non-truncating BSEP mutation in a pediatric subject, wherein the pediatric disorder is selected from PFIC2, benign recurrent intrahepatic cholestasis 2 (BRIC2), and drug induced cholestasis, comprising administering to the pediatric subject the claimed ASBTI or pharmaceutically acceptable salt thereof. Additionally, the '661 patent's description of "treating" makes clear that the claimed methods of treating or ameliorating PFIC2 include the proposed indication for Zenara's ANDA Products. *See, e.g.*, '661 patent, 84:50-67; *see also id.* at 6:29-31, 24:5-7 (describing PFIC2 as a form of cholestatic liver disease and PFIC associated with mutations in BSEP); *id.* at 6:50-53, 24:17-20 (describing PFIC2 and cholestatic liver disease as being characterized by one or more symptoms, including pruritus).

118. On information and belief, the purpose of filing Zenara's ANDA was to obtain

approval under the FDCA to engage in the importation, manufacture, use, offer for sale, and/or sale of Zenara's ANDA Products prior to the expiration of the '661 patent.

119. On information and belief, Defendants' submission of Zenara's ANDA for the purpose of obtaining approval to engage in the importation, manufacture, use, offer for sale, and/or sale of Zenara's ANDA Products prior to the expiration of the '661 patent is an act of infringement of the '661 patent under 35 U.S.C. § 271(e)(2)(A).

120. On information and belief, Defendants plan, intend to, and will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zenara's ANDA Products as well as the proposed labeling for those products immediately and imminently upon approval of Zenara's ANDA and any amendments thereto and prior to the expiration of the '661 patent.

121. On information and belief, the importation, manufacture, use, offer for sale, and/or sale of Zenara's ANDA Products prior to the expiration of the '661 patent would infringe one or more claims of the '661 patent, and/or Defendants would induce the infringement of and/or contribute to the infringement of one or more claims of the '661 patent under 35 U.S.C. § 271(b) and/or (c). On information and belief, Defendants plan, intend to, and will actively induce and/or contribute to the infringement of the '661 patent immediately and imminently upon approval of Zenara's ANDA and any amendments thereto.

122. On information and belief, Defendants know and intend that physicians will prescribe and patients will take Zenara's ANDA Products and therefore will infringe the '661 patent.

123. On information and belief, Zenara's ANDA Products lack any substantial non-infringing use.

124. On information and belief, Defendants had actual and constructive knowledge of the claims of the ’661 patent prior to submission of Zenara’s ANDA at least because the ’661 patent is listed in the FDA’s Orange Book for Mirum’s LIVMARLI® (maralixibat) tablets. Notwithstanding this knowledge, Defendants continue to assert their intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zenara’s ANDA Products and the proposed labeling for those products immediately and imminently upon the approval of Zenara’s ANDA and any amendments thereto.

125. On information and belief, Defendants have acted with full knowledge of the ’661 patent and without a reasonable basis for believing that Defendants would not be liable for infringing the ’661 patent, actively inducing infringement of the ’661 patent, and/or contributing to the infringement by others of the ’661 patent. Defendants’ submission of Zenara’s ANDA with knowledge of the ’661 patent and its infringement of the ’661 patent makes this case exceptional.

126. An actual case or controversy exists between Plaintiffs and Defendants with respect to infringement of the ’661 patent.

127. Unless Defendants are enjoined from infringing the ’661 patent and actively inducing and contributing to the infringement of the ’661 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

## COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 11,260,053

128. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

129. On information and belief, the use of Zenara’s ANDA Products in accordance with and as directed by the proposed labeling for those products will infringe one or more claims of the ’053 patent, including but not limited to independent claim 1, either literally or under the doctrine of equivalents.

130. Under 21 U.S.C. § 355(j)(2), an ANDA filer’s label generally must be the same as

the label for the last approved reference listed drug labeling. *See also* 87 Fed. Reg. 4252, 4253 (Jan. 27, 2022); 21 C.F.R. §§ 314.94(a)(8), 314.127(a)(7).

131. Section 12.1 of the LIVMARLI® Label explains that maralixibat "decreases the reabsorption of bile acids (primarily the salt forms) from the terminal ileum." On information and belief, decreasing the reabsorption of bile acids from the terminal ileum increases the concentration of bile acids and bile salts in the terminal ileum, which is part of the distal gastrointestinal tract.

132. On information and belief, the label for Zenara's ANDA Products is or will be substantially identical to the label for LIVMARLI®, including directing that Zenara's ANDA Products decrease the reabsorption of bile acids (primarily the salt forms) from the terminal ileum.

133. On information and belief, Zenara's ANDA Products are covered by one or more claims of the '053 patent, including at least independent claim 1, because the use of Zenara's ANDA Products in accordance with and as directed by the proposed labeling for those products meets each claim limitation.

134. On information and belief, the use of Zenara's ANDA Products will infringe at least claim 1 of the '053 patent, either literally or under the doctrine of equivalents, because the proposed labeling for Zenara's ANDA Products instructs and encourages the use of Zenara's ANDA Products by healthcare professionals and patients for increasing the concentration of bile acids and salts thereof in the distal gastrointestinal tract of an individual comprising administering the claimed ASBTI to the individual, wherein a therapeutically effective amount of the ASBTI is delivered to the distal ileum, the colon, or the rectum of an individual in need thereof.

135. On information and belief, the purpose of filing Zenara's ANDA was to obtain approval under the FDCA to engage in the importation, manufacture, use, offer for sale, and/or sale of Zenara's ANDA Products prior to the expiration of the '053 patent.

136. On information and belief, Defendants' submission of Zenara's ANDA for the purpose of obtaining approval to engage in the importation, manufacture, use, offer for sale, and/or sale of Zenara's ANDA Products prior to the expiration of the '053 patent is an act of infringement of the '053 patent under 35 U.S.C. § 271(e)(2)(A).

137. On information and belief, Defendants plan, intend to, and will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zenara's ANDA Products as well as the proposed labeling for those products immediately and imminently upon approval of Zenara's ANDA and any amendments thereto and prior to the expiration of the '053 patent.

138. On information and belief, the importation, manufacture, use, offer for sale, and/or sale of Zenara's ANDA Products prior to the expiration of the '053 patent would infringe one or more claims of the '053 patent, and/or Defendants would induce the infringement of and/or contribute to the infringement of one or more claims of the '053 patent under 35 U.S.C. § 271(b) and/or (c). On information and belief, Defendants plan, intend to, and will actively induce and/or contribute to the infringement of the '053 patent immediately and imminently upon approval of Zenara's ANDA and any amendments thereto.

139. On information and belief, Defendants know and intend that physicians will prescribe and patients will take Zenara's ANDA Products and therefore will infringe the '053 patent.

140. On information and belief, Zenara's ANDA Products lack any substantial non-infringing use.

141. On information and belief, Defendants had actual and constructive knowledge of the claims of the '053 patent prior to submission of Zenara's ANDA at least because the

’053 patent is listed in the FDA’s Orange Book for Mirum’s LIVMARLI® (maralixibat) tablets. Notwithstanding this knowledge, Defendants continue to assert their intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zenara’s ANDA Products and the proposed labeling for those products immediately and imminently upon the approval of Zenara’s ANDA and any amendments thereto.

142. On information and belief, Defendants have acted with full knowledge of the ’053 patent and without a reasonable basis for believing that Defendants would not be liable for infringing the ’053 patent, actively inducing infringement of the ’053 patent, and/or contributing to the infringement by others of the ’053 patent. Defendants’ submission of Zenara’s ANDA with knowledge of the ’053 patent and its infringement of the ’053 patent makes this case exceptional.

143. An actual case or controversy exists between Plaintiffs and Defendants with respect to infringement of the ’053 patent.

144. Unless Defendants are enjoined from infringing the ’053 patent and actively inducing and contributing to the infringement of the ’053 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

## COUNT V: INFRINGEMENT OF U.S. PATENT NO. 11,376,251

145. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

146. On information and belief, the use of Zenara’s ANDA Products in accordance with and as directed by the proposed labeling for those products will infringe one or more claims of the ’251 patent, including but not limited to independent claims 1, 14, and 19, either literally or under the doctrine of equivalents.

147. Under 21 C.F.R. § 314.95(c)(7), a notice letter must contain “[a] detailed statement of the factual and legal basis of the applicant’s opinion that the patent is not valid, unenforceable, or will not be infringed[,]” including for each patent claim “a full and detailed explanation of why

the claim is not infringed" and "a full and detailed explanation of the grounds supporting the allegation" that a claim is invalid or unenforceable.

148. The Notice Letter did not assert that the manufacture, use, offer for sale, or sale of Zenara's ANDA Products in accordance with and as directed by Defendants' proposed labeling for those products would not meet any claim limitation of certain claims of the '251 patent, including claims 1, 14, and 19.

149. Further, under 21 U.S.C. § 355(j)(2), an ANDA filer's label generally must be the same as the label for the last approved reference listed drug labeling. *See also* 87 Fed. Reg. 4252, 4253 (Jan. 27, 2022); 21 C.F.R. §§ 314.94(a)(8), 314.127(a)(7).

150. On information and belief, the proposed label for Zenara's ANDA Products is substantially identical to the LIVMARLI® Label, including but not limited to LIVMARLI®'s approved indications and usage section (Section 1), its dosage and administration section (Section 2), its description section (Section 11), its clinical pharmacology section (Section 12), and its clinical studies section (Section 14).

151. The Indications and Usage section under the Highlights of Prescribing Information for the LIVMARLI® Label explains that LIVMARLI® is indicated for "the treatment of cholestatic pruritus in patients 3 months of age and older with Alagille syndrome (ALGS)." *See* LIVMARLI® Label at Section 1.1.

152. Section 12.1 of the LIVMARLI® Label explains "[p]ruritus is a common symptom in patients with ALGS or PFIC[.]"

153. On information and belief, Zenara's ANDA Products are covered by one or more claims of the '251 patent, including at least independent claims 1, 14, and 19, because the use of Zenara's ANDA Products in accordance with and as directed by the proposed labeling for those

products meets each claim limitation.

154. On information and belief, the use of Zenara's ANDA Products will infringe at least claims 1 and 14 of the '251 patent, either literally or under the doctrine of equivalents, because the proposed labeling for Zenara's ANDA Products instructs and encourages the use of Zenara's ANDA Products by healthcare professionals and patients for treating or ameliorating ALGS in a pediatric subject comprising administering to the pediatric subject the claimed ASBTI or a pharmaceutical composition comprising the claimed ASBTI, or a pharmaceutically acceptable salt, solvate, or prodrug thereof. Additionally, the '251 patent's description of "treating" makes clear that the claimed methods of treating or ameliorating ALGS include the proposed indication for Zenara's ANDA Products. *See, e.g.*, '251 patent, 26:49-54, 85:31-48.

155. On information and belief, the use of Zenara's ANDA Products will infringe at least claim 19 of the '251 patent, either literally or under the doctrine of equivalents, because the proposed labeling for Zenara's ANDA Products instructs and encourages the use of Zenara's ANDA Products by healthcare professionals and patients for treating or ameliorating pruritus in a pediatric subject suffering from ALGS comprising administering to the pediatric subject the claimed ASBTI, or a pharmaceutically acceptable salt, solvate, or prodrug thereof.

156. On information and belief, the purpose of filing Zenara's ANDA was to obtain approval under the FDCA to engage in the importation, manufacture, use, offer for sale, and/or sale of Zenara's ANDA Products prior to the expiration of the '251 patent.

157. On information and belief, Defendants' submission of Zenara's ANDA for the purpose of obtaining approval to engage in the importation, manufacture, use, offer for sale, and/or sale of Zenara's ANDA Products prior to the expiration of the '251 patent is an act of infringement of the '251 patent under 35 U.S.C. § 271(e)(2)(A).

158. On information and belief, Defendants plan, intend to, and will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zenara's ANDA Products as well as the proposed labeling for those products immediately and imminently upon approval of Zenara's ANDA and any amendments thereto and prior to the expiration of the '251 patent.

159. On information and belief, the importation, manufacture, use, offer for sale, and/or sale of Zenara's ANDA Products prior to the expiration of the '251 patent would infringe one or more claims of the '251 patent, and/or Defendants would induce the infringement of and/or contribute to the infringement of one or more claims of the '251 patent under 35 U.S.C. § 271(b) and/or (c). On information and belief, Defendants plan, intend to, and will actively induce and/or contribute to the infringement of the '251 patent immediately and imminently upon approval of Zenara's ANDA and any amendments thereto.

160. On information and belief, Defendants know and intend that physicians will prescribe and patients will take Zenara's ANDA Products and therefore will infringe the '251 patent.

161. On information and belief, Zenara's ANDA Products lack any substantial non-infringing use.

162. On information and belief, Defendants had actual and constructive knowledge of the claims of the '251 patent prior to submission of Zenara's ANDA at least because the '251 patent is listed in the FDA's Orange Book for Mirum's LIVMARLI® (maralixibat) tablets. Notwithstanding this knowledge, Defendants continue to assert their intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zenara's ANDA Products and the proposed labeling for those products immediately and imminently upon

the approval of Zenara's ANDA and any amendments thereto.

163. On information and belief, Defendants have acted with full knowledge of the '251 patent and without a reasonable basis for believing that Defendants would not be liable for infringing the '251 patent, actively inducing infringement of the '251 patent, and/or contributing to the infringement by others of the '251 patent. Defendants' submission of Zenara's ANDA with knowledge of the '251 patent and its infringement of the '251 patent makes this case exceptional.

164. An actual case or controversy exists between Plaintiffs and Defendants with respect to infringement of the '251 patent.

165. Unless Defendants are enjoined from infringing the '251 patent and actively inducing and contributing to the infringement of the '251 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**COUNT VI: INFRINGEMENT OF U.S. PATENT NO. 11,497,745**

166. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

167. On information and belief, the use of Zenara's ANDA Products in accordance with and as directed by the proposed labeling for those products will infringe one or more claims of the '745 patent, including but not limited to independent claim 1, either literally or under the doctrine of equivalents.

168. Under 21 C.F.R. § 314.95(c)(7), a notice letter must contain "[a] detailed statement of the factual and legal basis of the applicant's opinion that the patent is not valid, unenforceable, or will not be infringed[,]" including for each patent claim "a full and detailed explanation of why the claim is not infringed" and "a full and detailed explanation of the grounds supporting the allegation" that a claim is invalid or unenforceable.

169. The Notice Letter did not assert that the manufacture, use, offer for sale, or sale of Zenara's ANDA Products in accordance with and as directed by Defendants' proposed labeling

for those products would not meet any claim limitation of certain claims of the ’745 patent, including claim 1.

170. Further, under 21 U.S.C. § 355(j)(2), an ANDA filer’s label generally must be the same as the label for the last approved reference listed drug labeling. *See also* 87 Fed. Reg. 4252, 4253 (Jan. 27, 2022); 21 C.F.R. §§ 314.94(a)(8), 314.127(a)(7).

171. On information and belief, the proposed label for Zenara’s ANDA Products is substantially identical to the LIVMARLI® Label, including but not limited to LIVMARLI®’s approved indications and usage section (Section 1), its dosage and administration section (Section 2), its description section (Section 11), its clinical pharmacology section (Section 12), and its clinical studies section (Section 14).

172. The Indications and Usage section under the Highlights of Prescribing Information for the LIVMARLI® Label explains that LIVMARLI® is indicated for “the treatment of cholestatic pruritus in patients 3 months of age and older with Alagille syndrome (ALGS).” *See* LIVMARLI® Label at Section 1.1.

173. Section 12.1 of the LIVMARLI® Label explains “[p]ruritus is a common symptom in patients with ALGS or PFIC[.]”

174. The LIVMARLI® Label directs administering maralixibat tablets in dosages covered by the ’745 patent.

175. On information and belief, Zenara’s ANDA Products are covered by one or more claims of the ’745 patent, including at least independent claim 1, because the use of Zenara’s ANDA Products in accordance with and as directed by the proposed labeling for those products meets each claim limitation.

176. On information and belief, the use of Zenara’s ANDA Products will infringe at least

claim 1 of the ’745 patent, either literally or under the doctrine of equivalents, because the proposed labeling for Zenara’s ANDA Products instructs and encourages the use of Zenara’s ANDA Products by healthcare professionals and patients for treating ALGS in a subject in need of such treatment comprising administering to the subject maralixibat in an amount of from 360 μg/kg/day to 880 μg/kg/day. Additionally, the ’745 patent’s description of “treating” makes clear that the claimed methods of treating or ameliorating ALGS include the proposed indication for Zenara’s ANDA Products. *See, e.g.*, ’745 patent, 17:55-65, 20:45-62.

177. On information and belief, the purpose of filing Zenara’s ANDA was to obtain approval under the FDCA to engage in the importation, manufacture, use, offer for sale, and/or sale of Zenara’s ANDA Products prior to the expiration of the ’745 patent.

178. On information and belief, Defendants’ submission of Zenara’s ANDA for the purpose of obtaining approval to engage in the importation, manufacture, use, offer for sale, and/or sale of Zenara’s ANDA Products prior to the expiration of the ’745 patent is an act of infringement of the ’745 patent under 35 U.S.C. § 271(e)(2)(A).

179. On information and belief, Defendants plan, intend to, and will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zenara’s ANDA Products as well as the proposed labeling for those products immediately and imminently upon approval of Zenara’s ANDA and any amendments thereto and prior to the expiration of the ’745 patent.

180. On information and belief, the importation, manufacture, use, offer for sale, and/or sale of Zenara’s ANDA Products prior to the expiration of the ’745 patent would infringe one or more claims of the ’745 patent, and/or Defendants would induce the infringement of and/or contribute to the infringement of one or more claims of the ’745 patent under 35 U.S.C. § 271(b)

and/or (c). On information and belief, Defendants plan, intend to, and will actively induce and/or contribute to the infringement of the ’745 patent immediately and imminently upon approval of Zenara’s ANDA and any amendments thereto.

181. On information and belief, Defendants know and intend that physicians will prescribe and patients will take Zenara’s ANDA Products and therefore will infringe the ’745 patent.

182. On information and belief, Zenara’s ANDA Products lack any substantial non-infringing use.

183. On information and belief, Defendants had actual and constructive knowledge of the claims of the ’745 patent prior to submission of Zenara’s ANDA at least because the ’745 patent is listed in the FDA’s Orange Book for Mirum’s LIVMARLI® (maralixibat) tablets. Notwithstanding this knowledge, Defendants continue to assert their intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zenara’s ANDA Products and the proposed labeling for those products immediately and imminently upon the approval of Zenara’s ANDA and any amendments thereto.

184. On information and belief, Defendants have acted with full knowledge of the ’745 patent and without a reasonable basis for believing that Defendants would not be liable for infringing the ’745 patent, actively inducing infringement of the ’745 patent, and/or contributing to the infringement by others of the ’745 patent. Defendants’ submission of Zenara’s ANDA with knowledge of the ’745 patent and its infringement of the ’745 patent makes this case exceptional.

185. An actual case or controversy exists between Plaintiffs and Defendants with respect to infringement of the ’745 patent.

186. Unless Defendants are enjoined from infringing the ’745 patent and actively

inducing and contributing to the infringement of the '745 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**COUNT VII: INFRINGEMENT OF U.S. PATENT NO. 12,350,267**

187. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

188. On information and belief, the use of Zenara's ANDA Products in accordance with and as directed by the proposed labeling for those products will infringe one or more claims of the '267 patent, including but not limited to independent claims 1, 2, and 20, either literally or under the doctrine of equivalents.

189. Under 21 C.F.R. § 314.95(c)(7), a notice letter must contain "[a] detailed statement of the factual and legal basis of the applicant's opinion that the patent is not valid, unenforceable, or will not be infringed[,]" including for each patent claim "a full and detailed explanation of why the claim is not infringed" and "a full and detailed explanation of the grounds supporting the allegation" that a claim is invalid or unenforceable.

190. The Notice Letter did not assert that the manufacture, use, offer for sale, or sale of Zenara's ANDA Products in accordance with and as directed by Defendants' proposed labeling for those products would not meet any claim limitation of certain claims of the '267 patent, including at least claims 1, 2 and 20.

191. Further, under 21 U.S.C. § 355(j)(2), an ANDA filer's label generally must be the same as the label for the last approved reference listed drug labeling. *See also* 87 Fed. Reg. 4252, 4253 (Jan. 27, 2022); 21 C.F.R. §§ 314.94(a)(8), 314.127(a)(7).

192. On information and belief, the proposed label for Zenara's ANDA Products is substantially identical to the LIVMARLI® Label, including but not limited to LIVMARLI®'s approved indications and usage section (Section 1), its dosage and administration section (Section 2), its description section (Section 11), its clinical pharmacology section (Section 12). ,

and its clinical studies section (Section 14).

193. The Indications and Usage section under the Highlights of Prescribing Information for the LIVMARLI® Label explains that LIVMARLI® is indicated for "the treatment of cholestatic pruritus in patients 12 months of age and older with progressive familial intrahepatic cholestasis (PFIC)." *See* LIVMARLI® Label at Section 1.2.

194. Section 12.1 of the LIVMARLI® Label explains "[p]ruritus is a common symptom in patients with ALGS or PFIC[.]"

195. On information and belief, Zenara's ANDA Products are covered by one or more claims of the '267 patent, including at least independent claims 1, 2, and 20, because the use of Zenara's ANDA Products in accordance with and as directed by the proposed labeling for those products meets each claim limitation.

196. On information and belief, the use of Zenara's ANDA Products will infringe at least claims 1 and 20 of the '267 patent, either literally or under the doctrine of equivalents, because the proposed labeling for Zenara's ANDA Products instructs and encourages the use of Zenara's ANDA Products by healthcare professionals and patients for treating or ameliorating PFIC in a pediatric subject comprising administering to the pediatric subject the claimed ASBTI or pharmaceutical composition comprising the claimed ASBTI or a pharmaceutically acceptable salt, solvate, or prodrug thereof. Additionally, the '267 patent definition of "treating" makes clear that the claimed methods of treating or ameliorating PFIC include the proposed indication for Zenara's ANDA Products. *See, e.g.*, '267 patent, 85:14-31; *id.* at 6:34-36 (describing PFIC as a form of cholestatic liver disease); *id* at 6:55-57, 23:13, 23:33-35, 24:21-22 (describing PFIC and cholestatic liver disease as being characterized by one or more symptoms, including pruritus).

197. On information and belief, the use of Zenara's ANDA Products will infringe at least

claim 2 of the ’267 patent, either literally or under the doctrine of equivalents, because the proposed labeling for Zenara’s ANDA Products instructs and encourages the use of Zenara’s ANDA Products by healthcare professionals and patients for treating or ameliorating pruritus in a pediatric subject having PFIC comprising administering to the pediatric subject the claimed ASBTI or a pharmaceutically acceptable salt thereof.

198. On information and belief, the purpose of filing Zenara’s ANDA was to obtain approval under the FDCA to engage in the importation, manufacture, use, offer for sale, and/or sale of Zenara’s ANDA Products prior to the expiration of the ’267 patent.

199. On information and belief, Defendants’ submission of Zenara’s ANDA for the purpose of obtaining approval to engage in the importation, manufacture, use, offer for sale, and/or sale of Zenara’s ANDA Products prior to the expiration of the ’267 patent is an act of infringement of the ’267 patent under 35 U.S.C. § 271(e)(2)(A).

200. On information and belief, Defendants plan, intend to, and will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zenara’s ANDA Products as well as the proposed labeling for those products immediately and imminently upon approval of Zenara’s ANDA and any amendments thereto and prior to the expiration of the ’267 patent.

201. On information and belief, the importation, manufacture, use, offer for sale, and/or sale of Zenara’s ANDA Products prior to the expiration of the ’267 patent would infringe one or more claims of the ’267 patent, and/or Defendants would induce the infringement of and/or contribute to the infringement of one or more claims of the ’267 patent under 35 U.S.C. § 271(b) and/or (c). On information and belief, Defendants plan, intend to, and will actively induce and/or contribute to the infringement of the ’267 patent immediately and imminently upon approval of

Zenara's ANDA and any amendments thereto.

202. On information and belief, Defendants know and intend that physicians will prescribe and patients will take Zenara's ANDA Products and therefore will infringe the '267 patent.

203. On information and belief, Zenara's ANDA Products lack any substantial non-infringing use.

204. On information and belief, Defendants had actual and constructive knowledge of the claims of the '267 patent prior to submission of Zenara's ANDA at least because the '267 patent is listed in the FDA's Orange Book for Mirum's LIVMARLI® (maralixibat) tablets. Notwithstanding this knowledge, Defendants continue to assert their intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zenara's ANDA Products and the proposed labeling for those products immediately and imminently upon the approval of Zenara's ANDA and any amendments thereto.

205. On information and belief, Defendants have acted with full knowledge of the '267 patent and without a reasonable basis for believing that Defendants would not be liable for infringing the '267 patent, actively inducing infringement of the '267 patent, and/or contributing to the infringement by others of the '267 patent. Defendants' submission of Zenara's ANDA with knowledge of the '267 patent and its infringement of the '267 patent makes this case exceptional.

206. An actual case or controversy exists between Plaintiffs and Defendants with respect to infringement of the '267 patent.

207. Unless Defendants are enjoined from infringing the '267 patent and actively inducing and contributing to the infringement of the '267 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**COUNT VIII: INFRINGEMENT OF U.S. PATENT NO. 12,296,050**

208. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

209. Claim 1 of the ’050 patent reads as follows:

> 1. A pharmaceutical composition comprising maralixibat, or a pharmaceutically acceptable salt thereof, and:
>
> (i) a diluent selected from the group consisting of dextrates, dextrin, dextrose, lactose, lactose monohydrate, mannitol, sorbitol, cellulose, modified celluloses, and any combination thereof;
>
> (ii) a glidant selected from the group consisting of silicon dioxide, magnesium stearate, talc, and any combinations thereof;
>
> (iii) a lubricant that is glyceryl palmitostearate in an amount of from about 6% to about 12% (w/w); and
>
> (iv) a disintegrant selected from the group consisting of croscarmellose sodium, crospovidone, starch, sodium starch glycolate, and any combinations thereof in an amount of from about 1% to about 10% (w/w).

210. Claim 17 of the ’050 patent reads as follows:

> 17. A method of treating cholestatic pruritus in a subject in need thereof, comprising administering to the subject a therapeutically effective amount of the pharmaceutical composition of claim 1.

211. Zenara’s Detailed Statement does not disclose the complete formulation(s) of its ANDA Products.

212. With its Notice Letter, Zenara enclosed an “Offer of Confidential Access to Application” regarding ANDA No. 221420. The terms of the Offer would not allow Plaintiffs to conduct a complete and full investigation of the information contained in the ANDA and of the representations about Zenara’s Proposed ANDA Products that appear in Zenara’s Detailed Statement. For example, the Offer would only allow one outside law firm for Plaintiffs to review the ANDA, would not allow in-house counsel for Plaintiffs to review the ANDA, would not permit external experts to review the ANDA without Zenara’s prior approval, and only obligates Zenara

to produce the portions of the ANDA that Zenara may unilaterally redact or choose to produce rather than producing the entire ANDA. Thus, the Offer was inadequate and Plaintiffs could not agree to the terms of the Offer.

213. On September 2, 2026, counsel for Mirum, on behalf of Plaintiffs, sent a letter to counsel for Zenara in an attempt to negotiate the terms of the Offer.

214. Counsel for Zenara responded on September 8, 2026, agreeing to some, but not all terms Plaintiffs proposed. Among other terms that Plaintiffs requested, counsel for Zenara did not agree to provide access to the entirety of ANDA No. 221420 or any portion of the Drug Master File cited in ANDA No. 221420.

215. The parties were not able to reach an agreement regarding access to ANDA No. 221420 prior to the expiry of the time period set forth in 21 U.S.C. § 355(j)(5)(B)(iii).

216. The limited information relating to Zenara's Proposed ANDA Products that was provided in Zenara's Detailed Statement does not demonstrate that Zenara's Proposed ANDA Products or their use will not fall within the scope of the issued claims of the '050 patent.

217. Because Zenara's Proposed ANDA Products have not yet been approved by FDA and are not yet commercially available, Plaintiffs are not aware of any other means for obtaining information about Zenara's Proposed ANDA Products other than pursuant to an Offer of Confidential Access from Zenara. In the absence of additional information, Plaintiffs resort to the judicial process and the aid of discovery to obtain, under appropriate judicial safeguards, such information as is required to confirm their allegations of infringement and present to the Court evidence that Zenara's Proposed ANDA Products would infringe one or more claims of the '050 patent upon FDA approval.

218. On information and belief, Zenara's commercial manufacture, use, offer for sale,

and/or importation of Zenara's Proposed ANDA Products prior to the expiration of the '050 patent would constitute infringement, either literally or under the doctrine of equivalents, of a least one of the claims of the '050 patent, including but not limited to claims 1 and 17.

219. On information and belief, the use of Zenara's ANDA Products in accordance with and as directed by the proposed labeling for those products will infringe one or more claims of the '050 patent, including but not limited to claim 17, either literally or under the doctrine of equivalents.

220. Under 21 U.S.C. § 355(j)(2), an ANDA filer's label generally must be the same as the label for the last approved reference listed drug labeling. *See also* 87 Fed. Reg. 4252, 4253 (Jan. 27, 2022); 21 C.F.R. §§ 314.94(a)(8), 314.127(a)(7).

221. On information and belief, the proposed label for Zenara's ANDA Products are substantially identical to the LIVMARLI® Label, including but not limited to LIVMARLI®'s approved indications and usage section (Section 1), its dosage and administration section (Section 2), its description section (Section 11), its clinical pharmacology section (Section 12), and its clinical studies section (Section 14).

222. The Indications and Usage section under the Highlights of Prescribing Information for the LIVMARLI® Label explains that LIVMARLI® is indicated for "the treatment of cholestatic pruritus in patients 3 months of age and older with Alagille syndrome (ALGS)." *See* LIVMARLI® Label at Section 1.1. The Indications and Usage section under the Highlights of Prescribing Information for the LIVMARLI® Label also explains that LIVMARLI® is indicated for "the treatment of cholestatic pruritus in patients 12 months of age and older with progressive familial intrahepatic cholestasis (PFIC)." *See* LIVMARLI® Label at Section 1.2.

223. Section 12.1 of the LIVMARLI® Label explains "[p]ruritus is a common symptom

in patients with ALGS or PFIC[.]"

224. The LIVMARLI® Label directs administering maralixibat tablets in dosages covered by the '050 patent.

225. On information and belief, the purpose of filing Zenara's ANDA was to obtain approval under the FDCA to engage in the importation, manufacture, use, offer for sale, and/or sale of Zenara's ANDA Products prior to the expiration of the '050 patent.

226. On information and belief, Defendants' submission of Zenara's ANDA for the purpose of obtaining approval to engage in the importation, manufacture, use, offer for sale, and/or sale of Zenara's ANDA Products prior to the expiration of the '050 patent is an act of infringement of the '050 patent under 35 U.S.C. § 271(e)(2)(A).

227. On information and belief, Defendants plan, intend to, and will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zenara's ANDA Products as well as the proposed labeling for those products immediately and imminently upon approval of Zenara's ANDA and any amendments thereto and prior to the expiration of the '050 patent.

228. On information and belief, the importation, manufacture, use, offer for sale, and/or sale of Zenara's ANDA Products prior to the expiration of the '050 patent would infringe one or more claims of the '050 patent, and/or Defendants would induce the infringement of and/or contribute to the infringement of one or more claims of the '050 patent under 35 U.S.C. § 271(b) and/or (c). On information and belief, Defendants plan, intend to, and will actively induce and/or contribute to the infringement of the '050 patent immediately and imminently upon approval of Zenara's ANDA and any amendments thereto.

229. On information and belief, Defendants know and intend that physicians will

prescribe and patients will take Zenara's ANDA Products and therefore will infringe the '050 patent.

230. On information and belief, Zenara's ANDA Products lack any substantial non-infringing use.

231. On information and belief, Defendants had actual and constructive knowledge of the claims of the '050 patent prior to submission of Zenara's ANDA at least because the '050 patent is listed in the FDA's Orange Book for Mirum's LIVMARLI® (maralixibat) tablets. Notwithstanding this knowledge, Defendants continue to assert their intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zenara's ANDA Products and the proposed labeling for those products immediately and imminently upon the approval of Zenara's ANDA and any amendments thereto.

232. On information and belief, Defendants have acted with full knowledge of the '050 patent and without a reasonable basis for believing that Defendants would not be liable for infringing the '050 patent, actively inducing infringement of the '050 patent, and/or contributing to the infringement by others of the '050 patent. Defendants' submission of Zenara's ANDA with knowledge of the '050 patent and its infringement of the '050 patent makes this case exceptional.

233. An actual case or controversy exists between Plaintiffs and Defendants with respect to infringement of the '050 patent.

234. Unless Defendants are enjoined from infringing the '050 patent and actively inducing and contributing to the infringement of the '050 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**JURY TRIAL DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby demand a trial by jury of all issues that are or may become so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that this Court grant the following relief:

A. A judgment declaring that, under 35 U.S.C. § 271(e)(2)(A), Defendants infringed the Asserted Patents, either literally or under the doctrine of equivalents, by submitting ANDA No. 221420 to the FDA to obtain approval to commercially manufacture, use, offer for sale, or sell within the United States, or import into the United States Zenara's ANDA Products prior to the expiration of the Asserted Patents;

B. A judgment declaring that making, using, selling, offering for sale, marketing, distributing, or importing Zenara's ANDA Products, or any product or compound, the making, using, offering for sale, sale, marketing, distributing, or importation of which infringes the Asserted Patents prior to the expiration date of the Asserted Patents, will infringe, actively induce infringement of, and/or contribute to the infringement by others of the Asserted Patents under 35 U.S.C. § 271(b), and/or (c), either literally or under the doctrine of equivalents;

C. An order under 35 U.S.C. § 271(e)(4)(A) that the effective date of any FDA approval for Defendants to make, use, offer for sale, sell, market, distribute, or import Zenara's ANDA Products, or any product or compound, the making, using, offering for sale, sale, marketing, distributing, or importation of which infringes the Asserted Patents be no earlier than the last expiration date of the Asserted Patents, inclusive of any extension(s), adjustment(s), and additional period(s) of exclusivity;

D. A permanent injunction enjoining Defendants, and all persons acting in concert with Defendants from seeking, obtaining, or maintaining final approval of ANDA No. 221420 until the expiration of the Asserted Patents, inclusive of any

extension(s), adjustment(s), and additional period(s) of exclusivity;

E. A permanent injunction, under 35 U.S.C. § 271(e)(4)(B), enjoining Defendants, their officers, agents, servants, employees and attorneys, and all persons acting in concert with them, from making, using, selling, offering for sale, marketing, distributing, or importing Zenara's ANDA Products, or any product or compound, the making, using, offering for sale, sale, marketing, distributing, or importation of which infringes the Asserted Patents, or the inducement of or the contribution to any of the foregoing, prior to the expiration date of the Asserted Patents, inclusive of any extension(s), adjustment(s), and additional period(s) of exclusivity;

F. An award of monetary relief to Plaintiffs, under 35 U.S.C. § 271(e)(4)(C), to the extent Defendants manufacture, use, offer for sale, sell, market, or distribute within the United States, or import into the United States, Zenara's ANDA Products, or any product or compound, the making, using, offering for sale, sale, marketing, distributing, or importation of which infringes the Asserted Patents, or the inducement of or the contribution to any of the foregoing, prior to the expiration date of the Asserted Patents, inclusive of any extension(s), adjustment(s), and additional period(s) of exclusivity;

G. A declaration that this is an exceptional case and an award of attorneys' fees pursuant to 35 U.S.C. § 285;

H. An award of Plaintiffs' costs and expenses in this action; and

I. Such further and other relief as the Court deems just and proper.

/s/ Nathan R. Hoeschen
Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Plaintiffs Mirum Pharmaceuticals, Inc., Satiogen Pharmaceuticals, Inc. and Shire Human Genetic Therapies, Inc.*

OF COUNSEL:
W. Chad Shear
COOLEY LLP
10625 Science Center Drive
San Diego, CA 92121
(858) 550-6000

Elizabeth M. Flanagan
COOLEY LLP
30 S. 9th Street, 7th Floor
Minneapolis, MN 55402
(312) 881-6383

Brittany Cazakoff
Armand Keshishian
Isha Agarwal
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004-2400
(202) 776-2391

Katherine McNutt
COOLEY LLP
350 S. Grand Avenue, Suite 3200
Los Angeles, CA 90071
(213) 561-3250

*Attorneys for Mirum Pharmaceuticals, Inc. and Satiogen Pharmaceuticals, Inc.*

Zhiqiang Liu, Ph.D.
Andrew D. Cohen, Ph.D.
Joyce L. Nadipuram
Tiffany Li
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
(212) 336-2000

*Attorneys for Shire Human Genetic Therapies, Inc.*

Dated: September 14, 2026